UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LYNNE M. W.,

                       Plaintiff,           1:21-CV-639
                                                             (GTS/TWD)

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                       Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

MELTZER, FISHMAN, MADIGAN          EDWARD J. MADIGAN, ESQ.
& CAMPBELL
  Counsel for Plaintiff
225 Broadway, Suite 2605
New York, New York 10007

SOCIAL SECURITY ADMINISTRATION    NICOLE BOUDREAU, ESQ.
  Counsel for Defendant                        JUNE L. BYUN, ESQ.
6401 Security Boulevard                        Special Assistant U.S. Attorneys
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this Social Security action filed by Lynne M. W. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Thérèse Wiley Dancks recommending that Plaintiff's motions for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's Objections to the Report and Recommendation, and (3) Defendant's response to

Plaintiff's Objections. (Dkt. Nos. 18, 19, 20.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I.     RELEVANT BACKGROUND

### A.     Magistrate Judge Dancks' Report-Recommendation

Because this Decision and Order is intended primarily for the review of the parties, the Court will not repeat the findings of fact and conclusions of law asserted in Part III of Magistrate Judge Dancks' Report-Recommendation, but will respectfully refer the reader to that part of the Report-Recommendation. (Dkt. No. 18, at 4-21.)

Generally, in her Objections, Plaintiff asserts three challenges to Magistrate Judge Dancks' Report and Recommendation: (1) that the Administrative Law Judge incorrectly determined Plaintiff's impairments did not meet or equal Listings 11.08 (spinal cord disorder), 1.15 (nerve root disorder), and 1.16 (lumbar spinal stenosis); (2) that the Administrative Law Judge failed to explain why he rejected the Vocational Expert's initial determination that Plaintiff was disabled and not able to perform her past relevant work; and (3) that the Administrative Law Judge failed to call a medical expert to assist in evaluating whether Plaintiff met or equaled any of the Listings. (Dkt. No. 19.)

Generally, in her response to Plaintiff's Objections, Defendant asserts two arguments: (1) that, because Plaintiff has failed to identify any legal error but has instead merely reasserted her prior arguments, she has effectively waived her right to argument; and (2) that, because substantial evidence supports the Administrative Law Judge's findings, Defendant's decision should be affirmed. (Dkt. No. 20.)

## II.    APPLICABLE LEGAL STANDARD

2

When a *specific* objection is made to a portion of a magistrate judge's report recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[3]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

After carefully reviewing the relevant filings in this action, including Magistrate Judge Dancks' thorough Report-Recommendation and Plaintiff's Objections, the Court can find no error in the Report and Recommendation, clear or otherwise: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. The Court renders this finding for the reasons stated in the Report-Recommendation and Defendant's response to Plaintiff's Objections. (*See generally* Dkt. No. 18, Part III; Dkt. No. 20, at 2.) To those reasons, the Court adds only one point.

Plaintiff's Objections merely repeat arguments presented in the memorandum of law she submitted to Magistrate Judge Dancks. (*Compare* Dkt. No. 19, at 7-16 *with* Dkt. No. 16, at 7-16.) As a result, the Court finds that the "challenged" portions of the Report-Recommendation warrant only a clear-error review. *See, supra,* Part II of this Decision and Order. The Court finds they survive that review. In any event, even if the Court were to find that Plaintiff's challenges did not merely reiterate arguments previously submitted to Magistrate Judge Dancks, the Court would find that they survive a *de novo* review.

**ACCORDINGLY**, it is

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**ORDERED** that Magistrate Judge Dancks' Report and Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motions for judgment on the pleadings (Dkt. Nos. 9, 16) are **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: January 17, 2023
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge